UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 5:20-cr-29 |
| ) | |
| MICHAEL GONZALEZ, ) | |
| Defendant. ) | |

**RESPONSE OF THE UNITED STATES IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR RECONSIDERATION OF DETENTION**

The United States of America, by and through its attorney, Christina E. Nolan, United States Attorney for the District of Vermont, files this response opposing the defendant's Motion for Reconsideration of Detention (the Defense Motion) filed on May 14, 2020. [D.E. 16]. The Court should deny the Motion as it fails to undermine the propriety of Gonzalez's detention under 18 U.S.C. § 3142(f)(1). Defendant Gonzalez remains a danger to the community, and he therefore should remain detained pending trial.

**I.   Background**

On July 11, 2018, South Burlington Police Officers removed a firearm from the defendant's possession because of his use of controlled substances. On October 2, 2018, the defendant attempted to purchase a firearm from a Federal Firearm Licensee (FFL), but was denied.

On August 21, 2019, defendant Gonzalez threatened to kill K.C., the mother of his child. As K.C. attempted to leave the residence, defendant Gonzalez drove his truck at K.C., attempting to run her over. K.C. jumped into her van to avoid the truck, which impacted the van. Defendant Gonzalez then backed up his truck and accelerated into the van a second time. K.C. then called 911, as Gonzalez attempted to smash her window. Officer Giroux responded to the residence, personally observed the severe damage to K.C.'s van, and saw that K.C. was visibly distraught.

1

Defendant Gonzalez was located by law enforcement, arrested, and cited for First Degree Aggravated Assault with a Weapon.  Defendant Gonzalez was subsequently charged by Information on August 26, 2019, and appeared that same day for a video arraignment in Vermont Superior Court.  During the hearing, defendant Gonzalez was provided a copy of the charging affidavit and Information, entered a plea of not guilty, and was released on conditions he not have any contact with K.C.  The charging information in the case clearly states that a conviction could be punished by up to 15 years of imprisonment.

On September 23, 2019, defendant Gonzalez attempted to purchase a Ruger Security 9 semi-automatic handgun at the Powderhorn, an FFL in Williston.  On an ATF Form 4473, Gonzalez supplied his name, date of birth, address, and social security number.  Defendant Gonzalez answered a series of questions, including "are you under indictment or information in any court for a felony or any other crime for which the judge could imprison you for more than one year."  Defendant Gonzalez answered "no," and signed the form.  The signature is substantially similar to a signature provided by defendant Gonzalez to the Department of Motor Vehicles.  In addition, an employee of the Powderhorn completed a portion of the form which includes the defendant's driver's license number and expiration date.  The form indicates that the Powderhorn received a "Delay" from the National Instant Criminal Background Check System, and defendant Gonzalez never obtained the firearm.

On February 20, 2020, the federal grand jury seated in Burlington returned an indictment, charging defendant Gonzalez with making false statements while attempting to purchase a firearm, in that he falsely stated he was not under indictment or information for a felony at the time of the attempted purchase.  At the time of the indictment, defendant Gonzalez was in the

custody of the Vermont Department of Corrections, serving an undischarged term of imprisonment, having failed to appear for work crew obligations.

On March 18, 2020, defendant Gonzalez appeared in this Court pursuant to a writ of habeas corpus ad prosequendum.  After holding an arraignment, the Court considered the government's motion for detention.  The Court found by clear and convincing evidence that defendant Gonzalez's detention was warranted as no condition or combination of conditions of release would reasonably assure the safety of any other person and the community.  In making its determination, the Court cited the weight of the evidence, defendant Gonzalez's prior criminal history, his participation in criminal activity while subject to court-ordered supervision, his history of violence, his lack of stable employment, and prior violations of conditions of release.

The defendant was detained pending trial at Northwest Correctional, and contracted SARS-CoV-2, the virus that causes COVID-19.  After a period of quarantine, the defendant has recovered from the infection.

The government was recently informed by the Burlington Police Department that defendant Gonzalez is suspected of having violated his conditions of release in the pending First Degree Aggravated Assault with a Weapon case by repeatedly contacting the victim of the offense, K.C.  Specifically, K.C. has stated in a sworn statement that she received numerous written letters from defendant Gonzalez, and received numerous phone calls from him utilizing his account at the jail.  K.C. stated she had actually spoken to defendant Gonzalez on at least five occasions when she picked up the calls.  The Burlington Police Department is in the process of obtaining recordings of the phone calls pursuant to subpoena, and intends to request that the Chittenden County State's Attorney file a formal charge for violation of conditions of release.

## II.   Legal Standards

Upon motion of the United States in an eligible case, a defendant must be detained pending trial where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Detention is thus appropriate in cases where a defendant presents either a danger to the community or a risk of flight. In reaching those conclusions, the Court must consider:

> (1) the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a firearm . . . ;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g). Accordingly, categorical decisions about detention or release based on extraneous factors, rather than individualized determinations as to each defendant, are inappropriate and are foreclosed under the statutory structure.

## III.   Argument

The government recognizes that SARS-CoV-2 and the disease it causes, COVID-19, pose significant risks for the public generally and for subsets of vulnerable individuals in particular. The Vermont Department of Corrections (VTDOC) has taken appropriate steps to minimize exposure of inmates to the virus, but unfortunately an outbreak occurred within Northwest

Correctional, the facility where the defendant is housed. VTDOC responded by isolating infected inmates and detainees at a separate facility until their recovery from the virus. Further, VTDOC has aggressively expanded the testing of both corrections staff and inmates in an attempt to fend off additional outbreaks.

The defendant makes the assertion that he wishes to be released to prevent potential reinfection with SARS-CoV-2, citing a news article that summarizes a study recently released by the Columbia University Mailman School of Public Health. *See* Defense Motion at n.8. A close reading of the article and study reveals that there is no clear scientific evidence supporting potential reinfection of individuals who have had SARS-CoV-2 infection. The small study was of 86 New York City residents infected with the common cold, not SARS-CoV-2. Further, of the 12 people who tested positive twice, 9 of them were children between the ages of 1 and 9. Finally, the academic article indicated that some of the repeat positive tests occurred within weeks of the first, creating the potential that the test simply detected the original virus again. At bottom, the study provides minimal scientific basis to have concerns that adults who recovered with SARS-CoV-2 can be reinfected. In fact, the scientific community is largely uniform in predicting that recovered individuals will have some level of protection from reinfection for a period of at least a few months. *See* Michael Smith, "*Covid-19: Do Antibodies Confer Immunity?*" Physician's Weekly (April 28, 2020).

Defendant Gonzalez has no underlying health conditions, having reported at the time of his interview with the pretrial services officer that he enjoyed good health and was not prescribed any medications. Further, he has proffered no evidence that his infection led to significant or permanent health complications. In sum, the pandemic affecting the country should have exceedingly minimal impact on the Court's analysis of the instant motion.

More importantly than the status of the pandemic or the potential for reinfection, the relief requested by the defendant in his Motion—immediate release from custody pending trial—is not supported by the applicable legal standards and is not justified by the defendant's arguments. Defendant Gonzlaez's criminal record indicates a significant inability to conform to societal norms. As such, this Court can easily conclude he is unlikely to comply with conditions of release. In fact, defendant Gonzalez has repeatedly violated conditions of release during state proceedings, and appears to have been violating them while detained.

The defendant asserts there are no substantial indicators that defendant Gonzalez is a risk of potential violence. But his repeated attempts to obtain firearms while a prohibited person, when combined with the circumstances of his arrest for Aggravated Assault, belie this assertion. When combined with the high likelihood that defendant Gonzalez will fail to abide by conditions of release, the Court should continue to conclude that the defendant poses an unacceptable risk of danger to K.C. and to the community.

## IV.    Conclusion

Defendant Gonzalez does not suffer from any medical condition that would increase the risk of complications from a potential reinfection with SARS-CoV-2, his likelihood of reinfection is exceedingly low, and his release would pose a significant risk of danger to the community. For those reasons, defendant Gonzalez's motion for release should be denied.

Dated at Burlington, in the District of Vermont, this 20th day of May, 2020.

                Respectfully submitted,

                UNITED STATES OF AMERICA

                CHRISTINA E. NOLAN
                United States Attorney

By:   *s/ Jonathan Ophardt*
        JONATHAN A. OPHARDT
        Assistant U.S. Attorney
        P.O. Box 570
        Burlington, VT 05402-0570
        (802) 951-6725
        Jon.Ophardt@usdoj.gov