UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA

V.　　　　　　　　　　　　　　　　Docket No. 5:20-cr-00029-gwc-1

MICHAEL GONZALEZ

**DEFENDANT'S MOTION REQUESTING WITHDRAWAL OF GUILTY PLEA**

NOW COMES the Defendant, Michael Gonzalez, by and through his attorney of record, Karen Shingler, Esq., and hereby moves the Honorable Court, pursuant to Rule 11(d) of the Federal Rules of Criminal Procedure, to exercise its discretion in his favor and consent to the withdrawal of his guilty plea entered on January 8, 2021. The Defendant asserts that he did not have a sufficient amount of time between receiving the written plea offer and the actual change of plea hearing to make a knowing and voluntary guilty plea to a serious federal felony charge. In further support hereof Defendant sets out the following facts:

1) On March 18, 2020 Mr. Gonzalez was arraigned on the charge of knowingly making a false statement to a licensed firearms dealer, a violation of 18 U.S.C. section 924(a)(2). Despite his lack of a significant criminal record and lifelong ties to the Burlington area, he was detained pursuant to the government's request. On three subsequent occasions Mr. Gonzalez sought release, however the Court continued to grant the government's request for continued detention.

2) Mr. Gonzalez remained detained until January 8, 2021. Mr. Gonzalez contracted COVID-19 while incarcerated and continues to experience the repercussions of his illness.

3) Up until January 8, 2021 Mr. Gonzalez intended to exercise his right to a trial by jury. He felt confident that his chances of prevailing were strong. However, on December 8, 2020 Mr.

1

Gonzalez agreed to waive his right to a jury trial due to the prospects of a prolonged delay due to the pandemic and to proceed to a bench trial. A trial before this Court was set for February 4th and 5th, 2021.

4) Counsel for the government and the Defendant continued to discuss resolving the case as a January 11, 2021 deadline to exchange witness lists and exhibits loomed. On January 5, 2021 the government offered Mr. Gonzalez a plea agreement in which he would plead to the charge and, in exchange, the government would agree to a time-served sentence. A copy of the plea agreement was relayed to Mr. Gonzalez but his cellmate destroyed the document before he had an opportunity to review it. Mr. Gonzalez did not obtain another copy until January 7, 2021.

5) Negotiations continued and on the morning of Friday, January 8, 2021, the government agreed for the first time not to oppose Mr. Gonzalez's release on conditions. Mr. Gonzalez executed the plea agreement, which was promptly filed with the Court and a Change of Plea hearing was scheduled for later that day at the Defendant's request.

6) Throughout early January, and specifically from January 5th through 8th, Mr. Gonzalez was in regular contact with his parents and his several siblings. They had made arrangements to provide housing for Mr. Gonzalez and urged him to accept the plea offer once it included an agreement for his release. His young son had been placed into DCF custody and Mr. Gonzalez's family was desperate to secure his release so that he could contest DCF custody of his son in court.

7) Mr. Gonzalez had no time to reflect upon the serious ramifications of pleading guilty to a felony. He always felt that he had a reasonable chance of success at trial, however the prospect of release and the pressure exerted upon him by his family to obtain his release as soon

as possible rendered him unable to make a knowing and voluntary decision to plead guilty. His desire to be at liberty, having never been in jail before, and after serving over a year in jail, overcame his reluctance to accept a federal felony conviction.

## Discussion

Rule 11 of the Federal Rules of Criminal Procedure controls whether the Court may allow a defendant to withdraw his guilty plea. Rule 11(d) addresses two phases of proceedings in district court when defendants "may withdraw a plea of guilty or nolo contendere." The first phase is "before the court accepts the plea." Fed. R. Crim. P. 11(d)(1). Until the court accepts the plea of guilty or nolo contendere defendants retain the absolute and unconditional right to withdraw the plea "for any reason or no reason." *Id.*

Phase two is confined to the period "after the court accepts the plea, but before it imposes sentence." During this phase a plea of guilty or nolo contendere may be withdrawn provided "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2). This "fair and just standard" (*United States v. Rosen,* 409 F.3d 535. 545 (2d Cir. 2005)) applies to Mr. Gonzalez's request.

The fair-and-just standard commits the question of whether to allow a defendant to withdraw a plea of guilty "to the sound discretion of the district court." *United States v. Gonzalez,* 647 F.3d 41, 56 (2d Cir. 2011). Many appellate opinions in this circuit expressly recognize that the phrasing of this standard implies that motions to withdraw prior to sentencing should be liberally granted, although the same opinions characterize the defendant's burden to advance valid reasons for withdrawal as "stringent." Unless and until valid reasons have been advanced, the government is under no obligation to demonstrate any resulting prejudice.

Most frequently, the reasons advanced will relate to the voluntariness of the plea, and where such reasons are advanced, it is incumbent upon the district courts to focus on voluntariness and validity of the plea. However, challenging the voluntariness of the plea is not a prerequisite, as "there plainly are circumstances in which a court will find it fair and just to relieve the defendant of a plea despite its voluntariness." *United States v. Rosen,* 409 F.3d at 547.

Once the defendant's burden has been carried, the court is called upon to balance the reasons advanced for seeking to withdraw the plea against any prejudice to the government and the societal interest in the finality of guilty pleas. The courts have variously described the factors that should be considered and evaluated to inform the exercise of the court's discretion. The Second Circuit has focused on (1) whether the defendant asserts his or her legal innocence; (2) the time that has elapsed between the plea and the motion; and (3) any prejudice to the government.

Mr. Gonzalez believes strongly that the government will be unable to convince a jury or a judge that he is guilty of the crime charged beyond a reasonable doubt. Up until January 8, 2021 Mr. Gonzalez had asserted his right to trial and never waivered from that position until offered the opportunity for release.

The time elapsed between the plea and the motion was a little more than two months, during a time period in which few, if any, trials were taking place and the district court's docket was slowed to some degree by the pandemic. The draft PSR has not been issued nor have sentencing memoranda been filed. Under these circumstances the time between the plea and the filing of this motion is negligible.

Finally, the government will suffer no prejudice if the Court grants Mr. Gonzalez's

4

request. It has stated on the record that the case is a simple one, based primarily on the production of documents, all of which Mr. Gonzalez has stipulated to their foundation. It's witnesses are primarily local law enforcement. There will be more than a sufficient amount of time to prepare for trial. Furthermore, no prosecutorial work will be lost or jeopardized by permitting Mr. Gonzalez to withdraw his plea.

While there is a societal interest in the finality of guilty pleas, the factors in Mr. Gonzalez's case outweighs that societal interest.

WHEREFORE Mr. Gonzalez respectfully requests the Honorable United States District Court to grant his motion to withdraw his guilty plea.

By: /s/ Karen Shingler
Karen Shingler, Esq.
1233 Shelburne Rd., #C-4
So. Burlington, VT 05403

**Counsel for: Michael Gonzalez**

5