UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 5:20-cr-29 |
| ) | |
| MICHAEL GONZALEZ, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION TO WITHDRAW GUILTY PLEA**
**(Doc. 76)**

Defendant Michael Gonzalez moves under Fed. R. Crim. P. 11(d)(2)(B) to withdraw his guilty plea to the charge of making a false statement to a licensed firearms dealer in violation of 18 U.S.C. § 922(a)(6). (Doc. 76.) The Government opposes the motion (Doc. 79) and Mr. Gonzalez has filed a reply (Doc. 82). The court held a hearing on April 23, 2021.

## FACTS

On February 20, 2020, the grand jury returned a one-count indictment charging Mr. Gonzalez with making a false statement to a licensed firearms dealer in connection with an attempt to purchase a firearm on September 23, 2019. The indictment alleges that Mr. Gonzalez falsely represented that he was not under indictment or information for a felony or any other crime punishable by more than one year in prison and that he had been charged in state court on August 26, 2019 with First Degree Aggravated Assault with a Weapon in violation of 13 V.S.A. § 1043(a)(2), a crime punishable by up to 15 years' imprisonment. (Doc. 1.)

The court ordered Mr. Gonzalez detained at arraignment. (Doc. 9.) United States Magistrate Judge Conroy denied a motion for reconsideration of the order of detention. (Doc. 22.) The district court denied the defendant's motion to vacate the order of detention. (Docs. 28, 29.) The bases for Mr. Gonzalez's detention have been his prior convictions in state

court for violation of conditions of release and providing false information to law enforcement, his attempts to acquire firearms despite his use of drugs, and the pending state charge of violent assault on his former domestic partner. (Doc. 29.)

Following a pre-trial conference on August 13, 2020, the court scheduled a jury trial for October 13, 2020. (Doc. 32.) On September 1, 2020, the Office of the Federal Public Defender moved to withdraw at Mr. Gonzalez's direction. (Doc. 35.) The court granted the motion and appointed attorney Karen Shingler to represent Mr. Gonzalez. (Docs. 40, 43.) The jury trial was rescheduled for January 11, 2021. (Doc. 44.)

In the course of a status conference on December 4, 2020, the court cancelled the jury trial scheduled for January 11, 2021, due to COVID-19 health restrictions. The court and the parties discussed a possible bench trial. (Doc. 53.)

At a further hearing on December 7, 2020, Mr. Gonzalez waived his right to a jury trial and agreed to a bench trial. The trial was scheduled for February 4 and 5, 2021. Mr. Gonzalez was detained pending trial. (Doc. 55.)

On January 8, 2021, the parties filed a plea agreement. (Doc. 59.) The plea agreement contained a stipulated factual statement concerning Mr. Gonzalez's arraignment on August 26, 2019 on the state charge of aggravated domestic assault, his receipt of the information, including a statement of the maximum penalty of 15 years imprisonment, and his false statement on an ATF form in the course of an attempt to purchase a handgun a month later. The plea agreement contains a provision that was favorable to Mr. Gonzalez: a recommendation from the Government of a time-served sentence. (Doc. 59.) Although it was not set forth in the plea agreement, the Government also agreed not to oppose Mr. Gonzalez's release on conditions. This additional agreement was discussed at the change of plea hearing. (Doc. 77 at 15.)

On January 8, 2021, the court conducted a change of plea hearing. In the course of the colloquy, the prosecutor read the stipulated factual statement aloud and Mr. Gonzalez confirmed that the Government had accurately described the offense and that he did not disagree with any portion of the Government's description of his conduct. (Doc. 77 at 15–16.) Mr. Gonzalez stated that he intended to plead guilty because he was in fact guilty of the charged offense. (*Id.* at 16.) At the close of the hearing, the court order Mr. Gonzales released on conditions. There were no objections to the conditions proposed by the U.S. Probation Office.

Mr. Gonzalez's release did not last long. On January 18, 2021, Mr. Gonzalez was arrested in Seabrook, New Hampshire on suspicion of felony receipt of stolen property. The Government alleges that he was attempting to sell a 2019 Tesla X which he had fraudulently obtained in July 2019 from a Tesla dealer in Mt. Kisco, New York. (Doc. 68.)

The court issued an arrest warrant for the violation of conditions of supervised release. (Doc. 70.) At a hearing on January 28, 2021, Mr. Gonzalez admitted to violating the travel restriction included in his conditions of release. He remains detained pending sentencing, which is scheduled for May 11, 2021. (Doc. 75.) The Tesla incident remains under investigation. No state or federal charges have been filed in New Hampshire.

On March 10, 2021, Mr. Gonzalez filed a motion to withdraw his guilty plea. He states that he had insufficient time to review the written plea agreement because his cell mate destroyed it and that he "had no time to reflect upon the serious ramifications of pleading guilty to a felony." (Doc. 76 ¶ 7.) He argues that after serving a year in jail, the prospect of release and family pressures, including a juvenile proceeding concerning custody of his daughter, "overcame his reluctance to accept a federal felony conviction." (*Id.*)

The court held a hearing on the motion to withdraw on April 23, 2021. At the hearing, Mr. Gonzalez, now represented by new counsel Chandler Matson, emphasized his lack of direct contact with his attorneys due to COVID restrictions and his belief in his innocence of the charge of making a false statement on the ATF form.

## ANALYSIS

A motion to withdraw an accepted guilty plea prior to sentencing is governed by Fed. R. Crim. P. 11(d)(2). It requires either the rejection of the plea agreement by the court—something that has not occurred here—or a showing of "a fair and just reason for requesting the withdrawal." The Second Circuit has described the legal standard as a discretionary decision in which the moving defendant must satisfy the court "that there are valid reasons for withdrawal of the plea and the court concludes that those reasons outweigh any prejudice to the government and the strong societal interest in the finality of guilty pleas." *United States v. Rosen*, 409 F.3d 535, 546 (2d Cir. 2005). Specific criteria guiding this decision include whether the defendant has asserted his or her legal innocence; the amount of time that has elapsed between the plea and the motion; and whether the Government would be prejudiced by a withdrawal of the plea. *Id.* at 547.

### A.   Assertion of Legal Innocence

Mr. Gonzalez does not deny filling out an ATF form or attempting to buy a firearm. His claim of innocence concerns his mental state, specifically his receipt of the information charging him with aggravated domestic assault and his knowledge that the potential penalty exceeded one year in prison. He argues:

> As to Michael's knowledge, the Government will rely upon materials allegedly presented to him at arraignment day in the Chittenden Superior Court on August 26, 2019, during which, apparently, Michael participated *via* video and was represented by a very busy public defenders office. To anyone who has observed the criminal

4

> session of the Vermont Superior Court during arraignments, *the preceding sentence alone sheds light on Michael's innocence,* and conversely, demonstrates that the Government has a murky case in which the reasonable doubt standard is unlikely to be met.

(Doc. 82 at 4–5 (citation omitted).)

Mr. Gonzalez's position that his state court arraignment was too rushed for him to understand that he was charged with a felony is inconsistent with his sworn statement at the change of plea in this case. The facts were stipulated in advance. They were read aloud at the change of plea. They included the following statement:

> On August 26, 2019, Michael A. Gonzalez was arraigned by Judge David Fenster in Chittenden County Superior Court on a charge of first-degree aggravated domestic assault with a weapon, in violation of 13 VSA, Section 1043(a)(2). During the arraignment, Michael A. Gonzalez was provided with a copy of the charging information, which stated that the penalty for a violation of 13 VSA, Section 1043(a)(2), was not more than 15 years of imprisonment.

(Doc. 79-1 at 15.) Mr. Gonzalez agreed under oath that the Government accurately described the offense and his role in it. He stated that he did not disagree with any portion of the Government's description of his conduct. (*Id.* at 16.) These sworn statements, made in open court, are inconsistent with his argument today that the Government cannot prove that he knew he had been charged with a felony punishable by more than a year.

Mr. Gonzalez's statements at the change of plea were not inconsequential. "A guilty plea is an unconditional admission of guilt and constitutes an admission of all the elements of a formal criminal charge." *Rosen*, 409 F.3d at 549 (cleaned up). The court questioned Mr. Gonzalez directly about the truth of the facts set out in the plea agreement, and Mr. Gonzalez agreed that they were all true. He did not state that he felt rushed or confused about the provisions of the plea agreement. To the contrary, he stated that he had an opportunity to read and talk over the agreement with his attorney who was able to answer all his questions in a confidential setting. (Doc. 79-1 at 7.)

For purposes of the motion to withdraw, Mr. Gonzalez has not asserted his innocence at all times. At the change of plea, Mr. Gonzalez admitted to the specific facts concerning knowledge of his felony charge which he now seeks to contest at trial. That he wishes through counsel to withdraw these statements and put the Government to its proof does not alter his sworn admission of guilt. Because Mr. Gonzalez has equivocated on whether there are sufficient facts to support a determination of guilt, this factor weighs against granting his motion to withdraw the plea.

### B.    Time Between Plea and Motion to Withdraw

Mr. Gonzalez pled guilty two months before moving to withdraw the plea. Both parties cite *United States v. Doe*, in which the Second Circuit stated: "Whereas a swift change of heart may indicate a plea made in haste or confusion, the fact that the defendant waited five months to file his motion strongly supports the district court's finding that his plea was entered voluntarily." 537 F.3d 204, 213 (2d Cir. 2008) (cleaned up). The two-month time difference in Mr. Gonzalez's case is shorter than the five months in *Doe* and shorter than the delays in other cases where courts rejected attempts to withdraw a guilty plea. *See, e.g., United States v. Albarran*, 943 F.3d 106, 123 (2d Cir. 2019) (four months).[1] Still, delays on the order of two months have supported rejection of attempts to withdraw a guilty plea. *See United States v. Bical*, 819 F. App'x 26, 29 (2d Cir. 2020) (summary order) (two months); *United States v. Wilson*, 523 F. App'x 30, 31 (2d Cir. 2013) (summary order) ("more than two months"); *United*

---

[1] *See also United States v. Carreto*, 583 F.3d 152, 157 (2d Cir. 2009) (one year); *United States v. Rosen*, 409 F.3d 535, 547 (2d Cir. 2005) (four months); *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997) (seven months); *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992) (seven months); *United States v. Moses*, No. 1:05-CR-133, 2010 WL 3521724, at *20 (D. Vt. Sept. 7, 2010) (nearly 17 months).

States v. Rizvi, No. 10 Cr. 856-01(DLC), 2012 WL 28144, at *3 (S.D.N.Y. Jan. 5, 2012) (more than two months).

Mr. Gonzalez argues the two-month delay should be considered in the context of the "reality" of his situation during that time, during which he was incarcerated, transferred between multiple facilities, quarantined for a period of time (presumably COVID-related), and had limited opportunities for contact with counsel. (Doc. 82 at 5.) He also represents that he informed his counsel that he wanted to request withdrawal of his plea "weeks before the actual Motion to Withdraw was filed." (Id.)

The court is not persuaded. The court assumes that those circumstances make the effective delay something less than two months. Compared to other cases applying the factors relevant to Rule 11(d)(2), a one-month delay is "not that long a period of time." *United States v. Lam Peralta*, No. 2:15-cr-00152, 2018 WL 8967290, at *8 (D. Vt. July 9, 2018), aff'd, 792 F. App'x 68, 70 (2d Cir. 2019). But even a one-month delay can weigh "slightly" against granting a motion to withdraw a plea. *Id.* Moreover, "[e]ven when defendants quickly request to withdraw their guilty pleas, we have found such requests insufficient when the defendant has not otherwise demonstrated grounds to justify withdrawal." *Lam Peralta*, 792 F. App'x at 70–71 (citing *United States v. Scott*, 569 F. App'x 55, 57 (2d Cir. 2014) (summary order), and *United States v. Desrosier*, 431 F. App'x 36, 37 (2d Cir. 2011) (summary order)). For the reasons discussed here, Mr. Gonzalez has not made such a demonstration.

### C.     Prejudice to the Government

The prejudice to the Government is real but small. It consists only of the necessity of contacting the prosecution trial witnesses and completing the preparations for trial. This is not a case in which the Government is prejudiced by the loss of testimony or the passage of a great

length of time. But the commitment of resources and time to a case which was all but concluded contains some element of prejudice. This is a factor which weighs against the motion to withdraw in a small degree.

### D.     Societal Interest in Certainty

Finally, the court recognizes the broader social interest in protecting the certainty of court proceedings. A change of plea is a major step in a case. It is a step on which the public relies in understanding the legal process and maintaining confidence in the fairness and authority of the courts. This understanding and confidence are diminished if the serious step of admitting guilt before the judge is "taken back" by someone who changes his mind. This is a factor which weighs against the motion to withdraw.

### CONCLUSION

The court DENIES the motion to withdraw the guilty plea (Doc. 76). The factors that compose the legal standard all weigh against the motion. Mr. Gonzalez has not identified a strong reason in favor of setting aside his sworn admission to the specific facts supporting a determination of guilt and permitting him to withdraw his plea.

Dated at Burlington, in the District of Vermont, this 29th day of April, 2021.

Geoffrey W. Crawford, Chief Judge
United States District Court